UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PORT OF TACOMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TODD SHIPYARDS CORPORATION, et al.,<br><br>　　　　　Defendants.<br><br>and<br><br>TODD SHIPYARDS CORPORATION,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF THE NAVY,<br><br>　　　　　Third-Party Defendants. | CASE NO. C08-5132BHS<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO RECONSIDER, DISMISSING THIRD-PARTY PLAINTIFF'S CLAIM FOR CONTRIBUTION, AND DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCERPTS OF FAR REPORT |

This matter comes before the Court on the Third-Party Defendants' ("United States") Motion for Reconsideration of Order Denying Motion to Dismiss Third-Party Claim (Dkt. 59) and Third-Party Plaintiff's Motion to File Excerpts of FAR Report (Dkt. 69). For the reasons stated herein, the Court grants the United States's motion and

ORDER - 1

1 dismisses Defendant Todd Shipyards Corporation's ("Todd") claim for contribution. The
2 Court also denies without prejudice Todd's motion for leave to file excerpts.

## I. BACKGROUND

Todd is a defendant in a contribution claim brought by the Port of Tacoma ("the Port") pursuant to 42 U.S.C. § 9613. Dkt. 1. The Port is seeking contribution to recover costs it incurred in carrying out the terms of a consent decree. Prior to seeking contribution from Todd in the present action, the Port entered into the consent decree after the federal government sued the Port under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). *United States v. Port of Tacoma, et al.*, C05-5103FDB, Dkt. 1. Todd subsequently filed a third-party complaint, asserting a claim for contribution[1] against the United States.[2] Dkt. 34. *See also generally* Dkt. 58 (providing factual and procedural background).

On September 30, 2008, the Court granted in part and denied in part the United States's motion to dismiss Todd's third-party claims. Dkt. 58 ("the Order"). The United States moved the Court to reconsider the portion of the order that denied its motion to dismiss Todd's third-party contribution claim under CERCLA. Dkt. 59. The Court renoted the United States' motion for reconsideration and provided Todd the opportunity to respond. Dkt. 61. On November 4, 2008, Todd filed a response opposing the United States' motion. Dkt. 67. On November 19, 2008, the United States filed a reply. Dkt. 78.

---

[1] Todd asserted its contribution claim under CERCLA, but did not specify the governing provision for this claim.

[2] Todd also asserted a claim for contribution under the Model Toxics Control Act of Washington ("MTCA"), RCW 70.105D.010, *et seq.*, as well as a claim for declatory relief. This latter claim states that "the United States is legally obligated to indemnify Todd for any liability that may be imposed by [the Port's] action [against Todd]." Dkt. 34 at 9. This Court dismissed Todd's claim for contribution under the MTCA. Dkt. 58 at 13. The Court also dismissed without prejudice Todd's claim for declaratory relief after the parties stipulated to the dismissal of this claim. *Id*.

The Order permitted Todd's contribution claim under CERCLA against the United States to proceed. The Court reached this conclusion based in part on the following analysis:

> While the Supreme Court in *Cooper Industries* [*v. Aviall Services, Inc.*, 543 U.S. 157 (2004)] held that a private party who had not been sued under [42 U.S.C.] § 9606 or § 9607 could not obtain contribution under § 9613, it is not clear that this holding precludes a contribution defendant from itself obtaining contribution from a third-party defendant under § 9613(f)(1) when the underlying action was brought under § 9606 or § 9607, and where the third-party defendant is alleged to have controlled the specific site from which hazardous materials have been released.
> In [*United States v.*] *Atlantic Research* [127 S. Ct. 2331 (2008)], the Supreme Court framed CERCLA's contribution provision as follows: "[§ 9613(f)(1)] authorizes a contribution action to PRPs with common liability *stemming from* an action instituted under [§ 9606 or § 9607]." 127 S. Ct. at 2338 (emphasis added). Here, although Todd itself was not sued under § 9606 or § 9607, Port was sued under § 9607 and now seeks contribution from Todd under § 9613(f). The Court finds that, under the circumstances in this case, Todd's contribution claim should survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because (1) the underlying action giving rise to Todd's potential liability and its third-party contribution claim was brought under § 9607, *and* (2) Todd has alleged that the United States is a potentially liable party as to the specific site from which Todd is alleged to have released or threatened to release hazardous substances, the Shipbuilding Site.
> The United States' argument that Todd is precluded from seeking contribution because Todd only faces liability for its "several and equitable share" also fails. As Todd argues in its response, if Todd's third-party claim were dismissed, and Todd was later held liable for any part of the United States' equitable share of liability for the Shipbuilding Site, it would "indeed be paying more than its individual equitable share of liability." While Todd may be able pursue indemnity based on its contracts with the United States in the Court of Federal Claims in the event Todd is found liable in this case, this should not preclude Todd from obtaining contribution in this action based on Todd's allegations that the United States controlled the Shipbuilding Site.
> Todd alleges that the United States, and not Todd, was the "operator," "owner," and "arranger" of the Shipbuilding Site, and that the United States caused hazardous materials to be released from the Shipbuilding Site. Todd has thus alleged that there is a direct relationship between Todd and the United States as to which party bears responsibility for at least part of the response costs resulting from releases of hazardous materials from the Shipbuilding Site. In order to determine each contribution defendant's equitable share, it may be necessary to determine whether, and to what extent, Todd and the United States are each responsible for releases of hazardous materials from the Shipbuilding Site.
> For these reasons, the United States' motion to dismiss under Fed R. Civ. P. 12(b)(6) as to Todd's contribution claims under CERCLA is denied.

Dkt. 58, 9-11.

The United States contends that the Court erred by concluding that a party sued pursuant to CERCLA § 9613(f)(1) can itself seek contribution against a third-party defendant when the party has not been directly sued under § 9606 or § 9607. Dkt. 59, 2-4 (citing *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007), and *Cooper Indus. v. Aviall Servs.*, 543 U.S. 157 (2004)). The United States also maintains that because a contribution defendant can only be held liable for its equitable share of the response costs, it cannot itself pursue contribution. *Id.* at 3.

Todd moves the Court to decline to reconsider the order allowing Todd to pursue a contribution claim against the United States. Todd maintains that because the United States has "been excused to date from paying [its] equitable share" in previous CERCLA actions, Todd risks having to pay the U.S.'s equitable share of liability in the instant action. Dkt. 67 at 5. Todd advises the Court that the Port "has stated to [Todd] that it will try to recover response costs from [Todd] related to the WWII era without regard to the U.S.'s indemnity agreements." *Id.* at 9. In addition, Todd maintains that the Court correctly concluded that Todd could assert its own contribution claim because its claim was asserted following Sections 9606 and 9607 claims in three prior CERCLA actions. *Id.* at 13.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). The United States seeks reconsideration, contending that the Court's ruling constitutes a manifest error.

Upon review of the applicable statute and case law, the Court concludes that it committed manifest error in allowing Todd's contribution claim against the United States under CERCLA to proceed. First, the Court erred by interpreting too narrowly the

ORDER - 4

Supreme Court's holdings in *Cooper Industries* and *Atlantic Research*, as well as the Ninth Circuit's holding in *Kotrous v. Gross-Jewett Co. of Northern Cal.*, 523 F.3d 924 (9th Cir. 2008). Second, the Court did not properly apply the applicable statute, 42 U.S.C. § 9613(f)(1).

In *Cooper Industries*, the Supreme Court held that a claim for contribution under § 9613(f)(1) is authorized only "during or following" a civil action under § 9606 or § 9607. *Cooper Industries*, 543 U.S. at 168. This Court erred in concluding that *Cooper Industries* does not prohibit a contribution defendant who has not been directly sued under § 9606 or § 9607 to bring a contribution claim under § 9613 against a third-party defendant. *Cooper Industries* held that a plaintiff may not bring a contribution claim under § 9613 unless the plaintiff had been "subject to an action" under § 9606 or § 9607. *Id.*; *accord Kotrous*, 523 F.3d at 934 (a party cannot bring a § 9613 contribution claim unless it has been "subject to" an action under § 9606 or § 9607).

This Court based its conclusion that Todd's contribution claim could proceed in part on language in *Atlantic Research* stating that a contribution action is authorized when liability "stems" from an action instituted under § 9606 or § 9607. However, the Court recognizes that *Atlantic Research* did not alter the holding in *Cooper Industries* with regard to the viability of actions under § 9613(f)(1). In *Atlantic Research*, the Supreme Court found that Section § 9613(f)(1) "authorizes a contribution action to PRPs with common liability stemming from an action instituted under [§ 9606 or § 9607]." *Atlantic Research*, 127 S. Ct. at 2338 (also finding that § 9613(f)(1) "permits suit before or after the establishment of common liability"). This Court concludes that, under *Atlantic Research*, a plaintiff cannot seek contribution under § 9613(f)(1) unless first directly sued under § 9606 or § 9607.[3] Thus, the Court erred in determining that Todd's contribution

---

[3] The Court distinguished *Atlantic Research*, *Cooper Industries*, and *Kotrous* from the instant case because the cases "involved the issue of whether a party that involuntarily incurs response costs may recover from other parties." Dkt. 58 at 9. The Court concluded that "it is not clear that [the holdings] prevent a contribution defendant from itself obtaining contribution . . .

ORDER - 5

claim could proceed because Todd's potential liability "stemmed" from the liability the Port incurred as a result of a suit brought pursuant to § 9607.

The language of the statute also supports the United States' position. Under the statute, "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) . . . during or following any civil action under [§ 9606 or § 9607]." 42 U.S.C. § 9613(f)(1). The portion of the statute requiring that a contribution suit be brought "during or following any civil action under [§ 9606 or § 9607]" pertains to the party bringing the contribution suit. In other words, the plain language of the statute requires the party bringing a contribution claim to have been directly sued pursuant to any civil action under § 9606 or § 9607.

Second, the Court erred by concluding that Todd has pled a cognizable contribution claim against the United States because it risks "paying more than its individual equitable share of liability." The Court did not adequately address the United States' contention that a contribution defendant cannot itself bring a contribution claim under § 9613 because a contribution defendant is only liable for its equitable share.

In contrast to § 9607, which "[presumably] provides for joint and several liability," a contribution defendant can only be held liable for its "equitable share" under § 9613(f)(1). *See Atlantic Research*, 127 S. Ct. at 2339 ("[n]o tortfeasor can be required to make contribution beyond his own equitable share of the liability") (quoting Restatement (Second) of Torts § 886A(2), p.337 (1977)).

"In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). A district court has "discretion to decide what factors ought to be considered, as well as the duty to allocate costs according to those factors." *Cadillac*

---

under § 9613(f)(1)." *Id*. Upon reconsideration, the Court finds that it erred in inferring that this distinction carved an exception under the Supreme Court's holdings.

*Fairview/California v. Dow Chemical Co.*, 299 F.3d 1019,. 1025 (9th Cir. 2002) (*quoting Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1187 (9th Cir. 2000)).

The Court's order allowing Todd's contribution claim to proceed is undermined by CERCLA's statutory scheme, which only allows a contribution defendant to be assessed liability for its equitable share. In addition, the Court notes that the burden of proving that a contribution defendant is liable for such a share lies with the plaintiff asserting the contribution claim. *See Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154, 168 (2d Cir. 1996) (under § 9613(f)(1), the plaintiff bears the burden of establishing that the defendant is liable under § 9607(a), and that the defendant should be assessed liability for its equitable share) (citations omitted); *see also Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863 (9th Cir. 2001) ("[o]nce liability is established, the defendant may avoid joint and several liability by establishing that it caused only a divisible portion of the harm – for example, it contributed only a specific part of the hazardous substances that spilled. Even if a defendant cannot do so, it may seek contribution from other PRPs under 42 U.S.C. § 9613(f)(1)").

The Court recognizes Todd's concern that it will be assessed liability beyond its true equitable share based on (1) Todd's contention that the Port intends to impose liability which should be imposed on the United States based on contractual indemnity agreements, as well as the United States' alleged control of the Shipbuilding Site, and (2) the possibility that, in the event Todd is assessed liability beyond what it considers to be its equitable share, it carries risk of not recovering such costs in the Court of Federal Claims should Todd seek to enforce the contractual indemnity provisions.

However, these concerns should not weigh in favor of concluding that Todd has pled a cognizable contribution claim under CERCLA. With regard to the alleged contractual indemnification provisions, the parties have already stipulated to the dismissal of Todd's claim seeking a declaratory relief relating to these provisions. The parties appear to agree that this Court does not have jurisdiction to enforce the indemnification

provisions. *See Cadillac Fairview/California, Inc.*, 299 F.3d at 1027 (district court lacks jurisdiction to enforce a contract against the United States).

In addition, Todd's argument that this Court may consider the indemnity provisions when assessing the parties' equitable shares raises evidentiary issues that are premature.

Todd also contends that the United States has not paid its equitable share, and should be assessed liability related to pollution that occurred while the Shipbuilding Site was under the United States' control. While not reaching the issue of whether the United States has contribution protection under § 9613(f)(2)[4], the Court notes that there does not appear to be a dispute that the United States does enjoy protection with regard to its *control* of the site as contemplated by § 9607(a).[5] Rather, Todd argues that "[b]ecause the U.S.'s liabilities related to its indemnities were specifically carved out from the 'matters addressed' in the Consent Decree, the U.S.'s argument that it has complete contribution protection fails." Dkt. 67 at 19. However, the question of whether this Court may *consider* the contractual provisions in allocating a contribution defendant's equitable share of liability is separate from the question of whether Todd may name the United States as a contribution defendant in this case. *Cf. Cadillac Fairview/California, Inc.*, 299 F.3d at 1027-28 (though a district court cannot enforce a contract against the United States, it acts within its discretion in considering the contract in the course of allocating liability).

As the United States maintains in its reply, Todd has not provided any legal authority that would support a conclusion that a contractual indemnification provision

---

[4] "A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2).

[5] Because the Court concludes that it erred as a matter of law in finding that Todd could assert a contribution claim under CERCLA, it does not reach the issue of whether the United States has contribution protection. The Court also does not need to address the parties' arguments addressing the statute of limitations under § 9613(g).

may serve as a basis for a CERCLA contribution claim. It is understandable that Todd would want to assert a claim for contribution because of the risk of being assessed liability in this case and receiving an adverse ruling in the Court of Federal Claims. Nonetheless, the Court concludes that Todd's remedy is to pursue the indemnification claim in the Court of Federal Claims. *See id.* at 1027 (citing 28 U.S.C. § 1346(a)(2) (2002)).

### III. MOTION TO FOR LEAVE TO FILE REPORT

Todd moves to offer the excerpts "in support of the proposition that the U.S.'s settlement of the claim in [a previous CERCLA action] assumed that the U.S. should be assigned no equitable share of liability on account of the indemnity agreements between the U.S. and [Todd]'s predecessor." Dkt. 69 at 2. Todd contends that the excerpts will "clarify and reinforce" other evidence showing that the United States "did not intend to pay its equitable share related to the indemnity agreements." *Id*. at 4.

The Court denies Todd's motion for leave to file excerpts of the FAR Report. As stated herein, the Court concludes that it erred as a matter of law in finding that a contribution defendant can bring a contribution claim when it has not been directly sued pursuant to § 9606 or § 9607. The purpose for which Todd proposes to offer the excerpts is not relevant to this order. Accordingly, the Court denies Todd's request without prejudice.

### IV. ORDER

Therefore, it is hereby **ORDERED** that the United States' motion for reconsideration (Dkt. 59) is **GRANTED**, and Todd's contribution claim under CERCLA is **DISMISSED with prejudice**. It is further **ORDERED** that Todd's motion for leave (Dkt. 69) is **DENIED without prejudice**.

DATED this 14th day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge